The Honorable Ed Gilbert State Representative P.O. Box 633 Mountain Home, AR 72653
Dear Representative Gilbert:
This is in response to your request for an opinion concerning fees collected by municipal courts for appeal transcripts pursuant to Ark. Code Ann. § 16-17-124(b) (Cum. Supp. 1991). Your specific question is as follows:
 Does subsection (b) allow the funds to be turned over to the city general fund, then budgeted and spent through the city, or must the funds be maintained by the municipal court and spent only for the maintenance and operation of the court?
Although it is not clear from the wording of your question, it appears that your inquiry is focused on how appeal transcript fees are to be properly deposited by the municipal court and appropriated for use by the court. It is my opinion that funds collected pursuant to § 16-17-124(b) must be turned over to the city general fund and budgeted and spent through the city.
With regard to this issue, the municipal court appears to have no specific authority to maintain funds from these fees in an operating account for its own use. Arkansas Code Annotated §14-43-409 provides that all fees, fines or perquisites collected by city officers shall be paid into the city treasury. (Seealso A.C.A. §§ 16-17-119(a) and 14-55-608.) Generally, unless a particular statutory provision directs the transmission of collected monies to some specific fund (see, e.g., A.C.A. §16-17-123) it appears that those monies collected by municipal courts are to be deposited into the city treasury. Budgetary appropriations are then made by the city for the court's expenditures. See generally A.C.A. §§ 14-48-122(a) and14-58-203(a). Thus, in the absence of a specific provision allowing courts to retain these appeal transcript fees, it appears that those funds are to be turned over to the city treasury.
With regard to that part of your inquiry concerning the use that may be made of these funds, A.C.A. § 6-17-124(b) states:
 All funds derived from such fee shall be used for any permissible use in the administration by the municipal court.
The legislature has thus directed the use of the funds, and the city must appropriate the funds consistent with this requirement. Any questions involving a particular appropriation and/or use of these funds would require case-by-case consideration.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh